IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES LEE GRABLE, | § | |
| (TDCJ-CID #839605) | § | |
|     Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-05-1916 |
| | § | |
| DOUGLAS DRETKE, | § | |
|     Respondent. | § | |

## MEMORANDUM AND OPINION

Charles Lee Grable, a state prisoner, sued in June 2005, seeking a writ of mandamus against Douglas Dretke, Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Grable seeks an order compelling the respondent, through his agents, to disclose the prosecutor's use of threats.

The threshold issue is whether this court has jurisdiction to consider Grable's petition for a writ of mandamus. Based on the pleadings, the record, and the applicable authorities, this court dismisses this petition for lack of jurisdiction. The reasons for this ruling are stated below.

## I.     Procedural History and Background

Grable explains that Terese Buess, an Assistant District Attorney for Harris County, was an agent of the respondent. Grable complains that Ms. Buess threatened

to prosecute Grable and his wife for additional offenses if he did not accept a plea offer. The threats of additional prosecution had no basis in probable cause. Grable argues that the prosecutor failed to perform a ministerial duty when she did not advise the trial court of her use of threats.

Grable states that this petition for a writ of mandamus arises from his federal petition filed in Civil Action Number H-99-0258. On August 24, 2000, this court granted respondent's motion for summary judgment and dismissed Grable's petition on the merits. Trial documents in Civil Action Number H-99-258 show that Grable filed several motions for reconsideration, which were denied.

Grable seeks to compel the respondent to make certain disclosures to the state trial court.

**II.   Analysis**

To the extent Grable seeks a writ of mandamus against a state official, this court lacks jurisdiction. Federal district courts are courts of limited statutory jurisdiction. *See Dunn-McCampbell Royalty Interest, Inc. v. National Park Service,* 112 F.3d 1283, 1286 (5th Cir. 1997); *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir. 1994). The only federal statute conferring the authority to issue writs of mandamus on the federal district courts is 28 U.S.C. Section 1361. That statute specifically provides that "[t]he district courts shall have original jurisdiction of any

action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Dunn-McCampbell Royalty Interest, Inc.*, 112 F.3d at 1288 (quoting 28 U.S.C. § 1361). The respondent in this case is the Director of the TDCJ-CID. The respondent is not a federal officer, agent, or employee and is not subject to the statutory mandamus authority of this court. This court lacks jurisdiction to entertain Grable's request for mandamus relief.

### III.   The Motion to Proceed *In Forma Pauperis*

Because Grable has not paid the filing fee, this court presumes that he seeks leave to proceed *in forma pauperis*. Passage of the Prison Litigation Reform Act ("PLRA") resulted in the imposition of financial requirements on prisoners filing any civil action or appeal. A prisoner seeking to file a civil action must make financial disclosures under 28 U.S.C. § 1915(b) and must pay the full filing fee of $150.00. 28 U.S.C. § 1915(a)(2), (b)(1)(2). The fee may be paid in installments.

The Fifth Circuit considers a petition for a writ of mandamus as a type of appeal, not an independent civil action. *In re Stone,* 118 F.3d 1032, 1034 (5th Cir. 1997). The nature of the underlying action determines the applicability of the PLRA to a petition seeking mandamus. *Id.* Because the petition for a writ of mandamus in *Stone* arose out of a 28 U.S.C. § 2255 petition for post-conviction relief, the fee

payment requirements of the PLRA did not apply. *Id. See United States v. Cole,* 101 F.3d 1076, 1077 (5th Cir. 1996)(holding the PLRA does not apply to 28 U.S.C. § 2255 proceedings because habeas proceedings, though technically civil, are in reality hybrid cases whose nature is not adequately captured by the phrase "civil action").

Grable asks this court to direct a prison official to make disclosures to the state trial court. The underlying suit has aspects of an action seeking habeas corpus relief, making the filing fee provisions of the PLRA inapplicable. *Santee v. Quinlan*, 115 F.3d 355 (5th Cir. 1997); S*trickland v. Rankin County Correctional Facility,* 105 F.3d 972, 974 (5th Cir. 1997).

Grable's constructive application for leave to proceed *in forma pauperis,* (Docket Entry No. 1), is GRANTED.

## IV. Conclusion

Grable's petition for a writ of mandamus is DENIED. Grable's constructive application for leave to proceed *in forma pauperis,* (Docket Entry No. 1), is GRANTED. Any and all remaining pending motions are DENIED as moot.

SIGNED on July 1, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

Case 4:05-cv-01916   Document 2   Filed in TXSD on 07/01/05   Page 5 of 5